# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

DANA E. BOSWELL                                                                                         PETITIONER
Reg #10611-073

v.                                           2:17cv00211-BSM-JJV

GENE BEASLEY, U.S. Warden,                                                                  RESPONDENT
FCC Forrest City-Medium

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the Chief District Judge, you must, at the same time that you file your written objections, include the following:

1

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the Chief District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I.   BACKGROUND

Mr. Boswell, Petitioner, filed the instant Petition for Writ of Habeas Corpus on December 22, 2017. (Doc. No. 1.) He claims the Bureau of Prisons (BOP) denied him credit for time served in state custody while awaiting disposition of his federal charges. (*Id*. at 8.) Respondent has responded (Doc. No. 14) and this matter is ripe for a decision.

Mr. Boswell alleges the BOP did not properly give him credit for time spent in state custody from June 18, 1998 (the date the United States Marshal Service placed its initial detainer on him), through June 13, 2000 (the date he was transferred to federal custody after completing his state sentence). (Doc. No. 1 at 8.) He requests credit for 726 days of time served. (*Id*. at 9.)

Respondent has provided the Declaration of James D. Crook, Supervisory Attorney

at the United States Department of Justice, Federal Bureau of Prisons Consolidated Legal Center in Oklahoma City, Oklahoma. (Doc. No. 14-1 at 1-6.) Mr. Crook reports that on July 31, 1998, Petitioner was sentenced in Los Angeles Superior Court, California, to thirty-two months imprisonment for taking a vehicle without an owner's consent. (Doc. No. 14-1 at 2.) On July 13, 1999, Petitioner was sentenced in the United States District Court for the District of South Dakota to an aggregate term of 360 months imprisonment. (Doc. No. 14-1 at 32.) The court did not specify whether this federal sentence would run consecutive to or concurrent with Mr. Boswell's state sentence. (*Id.*)

On June 13, 2000, Petitioner completed his state sentence and was remanded to the custody of the United States Marshal to begin serving his federal sentence. (*Id.*) The sentence computation completed for Mr. Boswell on the day of his arrival into federal custody indicated that his 360-month federal sentence started running that day. (*Id.*) Mr. Boswell received no prior custody credit because all the time he spent in custody was credited toward his state sentence. (*Id.* at 3.)

While in federal custody, Mr. Boswell wrote two letters to the United States District Court for the District of South Dakota, asking the court to assist him with getting credit for time spent in custody on the California charges prior to his federal sentencings. The court issued an order on December 7, 2017, indicating that had the question of a concurrent or consecutive sentence been raised at sentencing, "the Court would have ordered that the federal sentence be served concurrently to Boswell's undischarged state sentence." (Doc. No. 14-1 at 29.) Mr. Boswell subsequently filed this Petition for a Writ of Habeas Corpus

3

on December 22, 2017.  (Doc. No. 1.)

On February 1, 2018, the BOP recalculated Mr. Boswell's federal sentence based upon its review of documents submitted with his habeas Petition.  (*Id*. at 3-4.)  The BOP retroactively designated Petitioner's federal sentence to begin on July 13, 1999, allowing the state and federal sentences to run concurrently from that day forward.  (Doc. No. 14-1 at 3.)  Along with that designation, the BOP also credited January 7, 1998, January 26, 1998, and from May 9, 1998, through July 30, 1998, toward his federal sentence.  (Doc. No 14-1 at 36, also Ex. 8 at 3-4.)

II.     ANALYSIS

Mr. Boswell seeks credit for time spent in custody between June 18, 1998, and June 13, 2000.  (Doc. No. 1 at 8.)  At the outset of this case, I note the BOP retroactively designated Mr. Boswell's federal sentence to run concurrently with his state sentence beginning July 13, 1999, and credited him for the time not yet counted up to that point. (Doc. No. 14-1 at 36.)  Additionally, the BOP already credited a portion of the time Mr. Boswell requests – forty-two days from June 18, 1998, to July 30, 1998, stemming from credit he subsequently became eligible for under *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971).  (*Id*.)  Thus, the only time left in controversy is 346 days from July 31, 1998, to July 12, 1999.  While I am sympathetic to the situation in which Mr. Boswell finds himself, this time cannot be credited to his federal sentence.

Mr. Boswell cites to 18 U.S.C. § 3585(b), stating that a "defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official

detention prior to the date the sentence commences." However, this statute is clear that credit cannot be used when it has been "credited against another sentence." 18 U.S.C. § 3585. The credit Mr. Boswell seeks was already credited toward his sentence from the State of California. (Doc. No. 14-1 at 36.) Due to the order issued by the District of South Dakota, the BOP retroactively designated Mr. Boswell's federal sentence to run from the date of his sentencing in the District of South Dakota on July 13, 1999. (Doc. No. 14-1 at 35.)

Mr. Boswell argues instead that federal custody began on the date the United States Marshal Service placed the initial detainer on him on June 18, 1998. However, as Respondent correctly asserts, the United States Marshal Service did not obtain *primary* custody of Mr. Boswell until he completed his state sentence. (Doc. No. 14 at 8.) After his California state conviction and sentencing, Mr. Boswell was temporarily transferred to federal custody via a writ of habeas corpus ad prosequendum on September 18, 1998. (Doc. No. 14 at 8.) This temporary transfer is not to be treated as a complete transfer of primary jurisdiction.[1] Rather, "the defendant is considered to be 'on loan' to the other sovereign." *United States v. Cole*, 416 F.3d 894, 896-897 (8th Cir. 2005). The United States Marshal Service received primary custody of Mr. Boswell at the end of his state sentence on July 13, 2000. Before that date, Petitioner was continuously incarcerated in

---

[1]Generally, a sovereign can only relinquish primary jurisdiction in one of four ways: 1) release on bail, 2) dismissal of charges, 3) parole, or 4) expiration of sentence. *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005) (citing *United States v. Smith*, 812 F. Supp. 368, 370 n. 2. (E.D.N.Y. 1993).

(and receiving credit for) the primary jurisdiction of the State of California for his state sentence. This makes him ineligible for any additional jail credit under 18 U.S.C. § 3585.

## II.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. Mr. Boswell's Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED with prejudice and the requested relief is DENIED.

DATED this 13th day of June, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE